**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-853** |
| **MARLIN GUSMAN, O.P.P. SHERIFF, ET AL.** | **SECTION "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, James Davis, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Sheriff Marlin Gusman and Deputy Sheriff Burnes. Plaintiff claims that the defendants failed to protect him from violence and to provide timely assistance during an attack.

A <u>Spears</u> hearing was held in this matter on April 20, 2010.[1] Based on the complaint and the testimony at the <u>Spears</u> hearing, the Court finds that plaintiff is making the following allegations in support of his claims.

---

[1]    See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

On November 21, 2009, plaintiff was playing dominoes in the prison recreation room when he was unexpectedly attacked by two inmates. Plaintiff did not know the inmates who attacked him, had no prior altercations with them, and had no reason to believe they posed a danger to him. Plaintiff fought off the inmates for approximately an hour before prison officials arrived to halt the attack and offer assistance. During the attack, plaintiff received multiple stab wounds for which he received treatment in the prison medical department.

At the time of the attack, there was not a security officer present in the recreation room. The guard who was supposed to be on duty, Deputy Sheriff Burnes, left the room approximately two hours prior to the attack and did not return until approximately one hour after the attack commenced.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

---

[2]    "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary damages against a defendant who is immune
>       from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not

"plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The

United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint[3] and his Spears hearing testimony, the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II.  Sheriff Marlin Gusman

Plaintiff named Sheriff Marlin Gusman as a defendant in this matter. However, plaintiff testified at the Spears hearing that Gusman was not present during the attack and had no personal involvement in the events giving rise to plaintiff's claims. He stated that Gusman was named as a defendant based solely on his supervisory position. That is improper. Gusman cannot be held liable pursuant to 42 U.S.C. 1983 under any theory of strict liability[4] or vicarious liability[5] for federal civil rights violations allegedly committed by a subordinate. Accordingly, the claim against Gusman should be dismissed.

---

[3]  The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4]  Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5]  An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

## III.  Deputy Sheriff Burnes

Broadly construed, plaintiff's claim against the remaining defendant, Deputy Sheriff Burnes, is that, because he was absent from his post, he left plaintiff vulnerable to the attack and was unable to provide timely assistance during the attack.

The United States Fifth Circuit Court of Appeals has held:  "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  However, that Court noted:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Further, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision."  Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998).

In the instant case, there is no allegation that there was an obvious, substantial risk to inmate safety of which Burnes was aware and to which he was deliberately indifferent.  There also was no history of animosity between plaintiff and the inmates who attacked him, and not even plaintiff himself, much less Burnes, had advance warning of the alleged attack.  Accordingly, any failure-to-protect claim has no merit.  Burnes cannot be said to have been deliberately indifferent in failing to

5

protect against a potential harm of which he was unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

Second, to the extent that plaintiff may be asserting a claim concerning the delay in the provision of assistance after the altercation commenced, that claim also fails. There is no indication that Burnes was even aware that plaintiff had summoned assistance and, therefore, there is no basis for holding Burnes liable for the failure to respond in a more timely manner. Bland, 2009 WL 3486449, at *6.

At best, one could conclude that Burnes acted negligently in leaving the inmates in the recreation room unattended for approximately three hours. However, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001). Moreover, such negligence is insufficient to support a federal civil rights claim. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

Accordingly, for all of the foregoing reasons, plaintiff's claim against Burnes should likewise be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this twenty-first day of April, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.